CHARLES R. GARDNER AND WIFE, AGATHA L. GARDNER v. EDWARD SALEM, ALSO KNOWN AS EDDIE SALEM, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF MAGGIE JOSEPH SALEM, AND GEORGE SALEM

No. 7526SC357

(Filed 1 October 1975)

Appeal and Error § 57— findings of fact unsupported by record — judgment improper

Where both plaintiffs and defendants prepared proposed judgments which contained different findings of fact and presented them to the judge with a request to be heard further, but the court without further consultation entered the judgment prepared and proposed by defendants, the record did not support the findings of fact from which the trial court drew its conclusions of law and entered judgment for for defendants.

APPEAL by plaintiffs from *Falls, Judge.* Judgment entered 5 February 1975 in the Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 August 1975.

This is a civil action wherein the plaintiffs, Charles R. Gardner, and wife, Agatha L. Gardner, seek to recover damages for the diminution in value of their property and for the deprivation of the full use and enjoyment of their property allegedly caused by the violation of restrictive covenants by the defendants, Edward Salem, individually and as Executor of the Estate of Maggie Joseph Salem, and George Salem; said covenants allegedly running with the land of defendants' property adjoining that of the plaintiffs. Plaintiffs also seek an injunction restraining future violations of said covenants by defendants.

The record discloses that immediately prior to trial counsel for both parties conferred with the Judge in chambers. The Judge, after listening to the contentions of the plaintiffs and statement of counsel as to the evidence that the plaintiffs would

Gardner v. Salem

introduce, informed the parties that he would grant a dismissal at trial at the close of plaintiffs' case. Thereupon, counsel for both parties agreed to stipulate to the testimony of the witnesses for the plaintiffs, and the Judge requested defendants to prepare a proposed judgment for the case. Defendants prepared a proposed judgment and presented it to the plaintiffs. Plaintiffs objected to paragraph 4 of the findings of fact of the proposed judgment and to paragraph 1 of the conclusions of law and prepared instead alternative proposals for the objectional paragraphs. Both proposed judgments were presented to the Judge with a request by the parties to be heard further in the matter when it was convenient for the Judge. But, thereafter, without any further consultation by either party and without any agreement by the parties to the proposed findings of fact contained in the alternative proposals of plaintiffs and defendants, the Judge entered the judgment proposed and prepared by the defendants. Plaintiffs excepted to the judgment and appealed.

*Hugh J. Beard, Jr., for plaintiff appellants.*

*Gene H. Kendall for defendant appellees.*

HEDRICK, Judge.

Plaintiffs' exception to the critical findings of fact raises the question of the sufficiency of the evidence or the stipulations in the record to support such findings.

The record before us demonstrates that the court heard no evidence and that the parties made no stipulations as to the facts. Thus, the record does not support the critical findings of fact from which the trial court drew its conclusions of law and entered judgment for the defendants. Because the record fails to support the judgment, the judgment must be vacated and the cause remanded to the Superior Court for further proceedings.

Vacated and remanded.

Judges BRITT and MARTIN concur.